**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2149
_____

MARY-ELLEN MARLEY,

Appellant

v.

POSTMASTER GENERAL OF THE UNITED STATES;
THE UNITED STATES POSTAL SERVICE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-14-cv-01597)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 5, 2018

Before:  GREENAWAY, JR., BIBAS, and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 21, 2018 )
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Mary-Ellen Marley appeals from an order of the United States District Court for the District of New Jersey, which granted the Postmaster General's motion for summary judgment on her retaliation claim. We will affirm the District Court's judgment.

I.[1]

Marley, who was a long-time employee of the United States Postal Service, initially filed a ten-count complaint against the Postal Service and the Postmaster General. The District Court granted the Defendants' motion for partial dismissal, dismissing the Postal Service as an improper defendant,[2] dismissing certain counts as untimely or unexhausted, and dismissing other counts because the complaint failed to state a claim upon which relief could be granted. The Court, however, allowed Marley's claim under Title VII for retaliatory discipline in the fall of 2009 to go forward.[3] Marley then filed an amended complaint containing only the retaliation count, as the Court directed.

Following discovery, the Postmaster filed a motion for summary judgment, which Marley opposed. The District Court granted the Postmaster's motion, concluding that Marley had not established a prima facie case of retaliation, as she had not proffered

---

[1] The District Court ably set out the factual and procedural background of Marley's claims. As we write primarily for the parties, who are well aware of those facts, we need not repeat them here.

[2] See 42 U.S.C. § 2000e-16(c).

[3] Marley argues here that the District Court failed to decide her "constructive discharge" claim, but that claim was not part of the retaliatory discipline claim, which was the only claim for which she exhausted administrative remedies. See Dist. Ct. Op., Dkt. #25, at 22. See also Mandel v. M & Q Packaging Corp., 706 F.3d 157, 163 (3d Cir. 2013) (plaintiff must exhaust all required administrative remedies before bringing Title VII claim in federal court).

evidence that showed that adverse employment actions taken against her were caused by any of her protected activity.  The District Court also determined that even if Marley had established a prima facie case, the Postmaster had "adduced significant evidence supporting his articulated, legitimate nondiscriminatory reason for disciplining" Marley, and Marley had pointed to no facts from which a factfinder would conclude that the articulated reason was pretextual.  Marley filed a timely appeal from the District Court's judgment.

## II.

We have jurisdiction over Marley's appeal pursuant to 28 U.S.C. § 1291.  "We review a district court's grant of summary judgment de novo, applying the same standard as the district court."  S.H. ex rel. Durrell v. Lower Merion Sch. Dist., 729 F.3d 248, 256 (3d Cir. 2013).  Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Although "[w]e view the facts and draw all reasonable inferences in the non-movant's favor," we will conclude that "[a] disputed issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party."  Resch v. Krapf's Coaches, Inc., 785 F.3d 869, 871 n.3 (3d Cir. 2015).

"Title VII prohibits an employer from discriminating based on an employee's race, color, religion, sex, or national origin, 42 U.S.C. § 2000e–2(a), and from retaliating against an employee for complaining about, or reporting, discrimination or retaliation, id.

3

§ 2000e–3(a)." Carvalho-Grevious v. Del. State Univ., 851 F.3d 249, 256 (3d Cir. 2017).

An employee establishes a prima facie case of retaliation by showing "(1) protected

employee activity; (2) adverse action by the employer either after or contemporaneous

with the employee's protected activity; and (3) a causal connection between the

employee's protected activity and the employer's adverse action." EEOC v. Allstate Ins.

Co., 778 F.3d 444, 449 (3d Cir. 2015) (internal quotation marks omitted). If a prima

facie case is established, the burden shifts to the employer to "present a legitimate, non-

retaliatory reason for having taken the adverse action." Daniels v. Sch. Dist. of Phila.,

776 F.3d 181, 193 (3d Cir. 2015) (internal quotation marks and citation omitted). The

employee may then offer evidence to demonstrate that the employer's stated reason was

pretextual, "and that retaliation was the real reason for the adverse employment action."

Id. Although the plaintiff's ultimate burden in a retaliation case is to prove that the

adverse action would not have taken place absent a retaliatory motive, the burden at the

prima facie stage is lower—the plaintiff must "produce evidence sufficient to raise the

inference that her protected activity was the *likely reason* for the adverse [employment]

action." Carvalho-Grevious, 851 F.3d at 259 (internal quotation marks omitted).

We agree with the District Court that Marley failed to make out a prima facie case

of retaliation. Marley satisfied the first element of the test, as she engaged in protected

activity by filing several complaints with the EEOC in February and August of 2009.

She also satisfied the second element, as she "suffered adverse employment actions when

she was sent home on August 24, 2009, suspended without pay on October 5, 2009, and

given a Notice of Removal on October 20, 2009." Dist. Ct. Op., Dkt. #59 at 15. But she failed to proffer evidence from which a reasonable juror could conclude that retaliation was the likely reason for the adverse employment actions.

As the District Court noted, evidence of close temporal proximity between the protected activity and the adverse action may demonstrate retaliation if it is "unusually suggestive." See, e.g., Daniels, 776 F.3d at 196; see also LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 232 (3d Cir. 2007). In rejecting Marley's assertion that there was a genuine issue of fact for trial in connection with her retaliation claim, the District Court carefully and thoroughly examined the temporal links between the adverse actions and Marley's protected activities, but properly concluded that in each instance, the proximity was not unusually suggestive of a retaliatory motive. Moreover, in the absence of other summary judgment evidence of a causal connection, such as a pattern of antagonism, see Kachmar v. SunGard Data Sys., Inc., 109 F.3d 173, 177 (3d Cir. 1997), or inconsistent explanations from the employer, see Farrell v. Planters Lifesavers Co., 206 F.3d 271, 281 (3d Cir. 2000), we agree with the District Court's overall conclusion that Marley did not make out a prima facie case of retaliation. We will therefore affirm the District Court's decision granting the Defendant summary judgment.[4]

---

[4] To the extent that Marley challenges the orders denying her motions for appointment of counsel, we will affirm the District Court's orders. The District Court recognized that some of the factors (e.g., Marley's lack of substantial financial resources, and her injuries from a car accident occurring before she filed her second motion) would support appointment of counsel, but because Marley had shown that she could adequately present her case and had demonstrated that she was able to obtain documents in support of her claims, and because the case was not overly complex, we cannot conclude that the

District Court abused its discretion in denying the motions. <u>See</u> <u>Tabron v. Grace</u>, 6 F.3d 147, 155-57 (3d Cir. 1993) (discussing factors that courts should consider in deciding counsel motions and setting forth standard of review).